# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICREDIT FINANCIAL SERVICES, INC. d/b/a GM FINANCIAL, | No. 4:20-CV-02144 |
| | (Judge Brann) |
| Plaintiff, | |
| v. | |
| CW CARS OF SHAMOKIN LLC and CORTRIGHT WETHERILL, JR., | |
| Defendants. | |

## MEMORANDUM OPINION

## MAY 25, 2021

### I. BACKGROUND

This case was initially filed by Plaintiff AmeriCredit Financial Services, Inc., d/b/a GM Financial against Defendants CW Cars of Shamokin LLC ("CW Cars") and Cortwright Wetherill, Jr., (together with CW Cars, the "Defendants") on November 17, 2020. For the past six months, Defendants have failed to appear before this Court at all. Plaintiff moved for entry of default March 1, 2021 and default was subsequently entered by the Clerk of Court. Currently before me is Plaintiff's motion for default judgment, filed April 6, 2021. Defendants have refused to respond, and therefore the motion is now ripe for disposition. For the reasons that follow, I grant the motion.

## II. DISCUSSION

### A. Default Judgment is Warranted

Federal Rule of Civil Procedure 55 allows the District Court to enter default judgment upon application by a party.[1] "Generally, the entry of a default judgment is disfavored, and a court is required to exercise sound judicial discretion in deciding whether to enter default judgment."[2] "This element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right, even when defendant is technically in default and that fact has been noted under Rule 55(a)."[3] It is "well settled that decisions relating to default judgments are committed to the sound discretion of the district court."[4]

"Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."[5] "But when a defendant has failed to appear or respond in any fashion to the complaint, this analysis is necessarily one-sided; entry of default judgment is typically appropriate in such circumstances at least until the defendant comes forward with a motion to set aside the default judgment under Rule 55(c)."[6] In

---

[1] Fed. R. Civ. P. 55(b)(2).
[2] *Kibbie v. BP/Citibank*, 2010 WL 2573845 at *2 (M.D. Pa. June 23, 2010).
[3] 10A Charles Alan Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, § 2685 (Apr. 2020 Update).
[4] *Pesotski v. Summa & lezzi, Inc.*, 2017 WL 3310951 at *2 (M.D. Pa. Aug. 3, 2017).
[5] *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).
[6] *Deutsche Bank Nat. Trust Co. v. Strunz*, 2013 WL 122644 at *1 (M.D. Pa. Jan. 9, 2013).

cases where the Defendant fails to appear, this Court may enter default judgment "based solely on the fact that the default has occurred."[7]

The Court nevertheless considers the factors at issue for the sake of completeness; in this case, those factors clearly favor the grant of default judgment. First, Plaintiff would be prejudiced by its "current inability to proceed with [its] action due to Defendants' failure to defend."[8] Defendants' decision to not appear before this Court would otherwise prevent Plaintiff from recovering any damages for its claim. Similarly, the second factor points in favor of the grant of default judgment. "Defendant[s] ha[ve] not responded to the allegations and, thereby, ha[ve] failed to assert a defense."[9] Finally, there does not appear to be any excuse for Defendants' failure to appear or otherwise respond to Plaintiff's complaint. Plaintiff submitted evidence showing that Defendants were served on November 25, 2020. Having received service, Defendants have yet to respond or appear in this action. Because Defendants have offered no explanation for their failure to respond, the Court finds that Defendants are culpable.[10] Therefore, I hold that default judgment is appropriate given the circumstances.

A finding that default judgment is warranted, however, "is not the end of the inquiry."[11] First, the Court must consider whether the "unchallenged facts

---

[7] *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 177 n. 9 (3d Cir. 1990).
[8] *Broadcast Music, Inc. v. Kujo Long, LLC*, 2014 WL 4059711 at *2 (M.D. Pa. Aug. 14, 2014).
[9] *Pesotski*, at *3.
[10] *See Laborers Local Union 158 v. Shaffer*, 2011 WL 1397107 (M.D. Pa. Apr. 13, 2011).
[11] *Martin v. Nat'l Check Recovery Servs., LLC*, 2016 WL 3670849 at *1 (M.D. Pa. July 11, 2016).

constitute a legitimate cause of action."[12] Although the defaulting party does not concede conclusions of law, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."[13] Plaintiff's complaint asserts that Defendants breached the contract they entered into with Plaintiff. The Court now considers whether the allegations in the complaint, taken as true, state a claim.

B. **The Facts Alleged in the Complaint**

The facts alleged in the complaint, which I accept as true for the purposes of determining whether Plaintiff has stated a claim, are as follows.

Plaintiff and CW entered into several agreements, including a Master Loan Agreement ("MLA"), in 2018.[14] This agreement created a credit facility which CW Cars could draw from, to finance its purchase of floorplan inventory of vehicles.[15] Pursuant to the MLA, CW Cars agreed to repay any sums advanced, and to pay interest on those sums.[16] CW Cars also agreed to grant Plaintiff a security interest in the purchased vehicles and any proceeds from sales thereof.[17] The contract also allowed Plaintiff to take possession of the vehicles in event of

---

[12] *Broadcast Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F.Supp.2d 537, 541 (E.D. Pa. 2008).
[13] *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).
[14] Doc. 1 ¶ 8.
[15] *Id*.
[16] *Id.* ¶ 9.
[17] *Id*.

default, and entitles Plaintiff to reasonable attorney fees and expenses in connection with the exercise of Plaintiff's rights under the MLA.[18]

Cortwright Wetherill, Jr. acted as the Guarantor for CW Cars and signed a Continuing Guaranty.[19] In April 2019, Plaintiff issued a notice of default to CW Cars.[20] In December 2019, Plaintiff issued a second notice of default and demanded immediate payment of $48,000 under the terms of their agreement.[21] CW Cars failed to make that payment, as well as an interest payment that was due in November 2019.[22] Several more notices of default were issued in January and February 2020.[23] CW Cars failed to cure the defaults listed in the final notice or make payments.[24]

In May 2020, General Motors terminated its franchise agreement with CW Cars.[25] In July 2020, Plaintiff issued a Termination Payoff Demand Notice to Defendants and demanded payment.[26] Plaintiff took possession of some of the inventory and sold it to recover part of its losses, but CW Cars still owed Plaintiff a significant sum of money.[27] In September 2020, Plaintiff demanded immediate

---

[18] *Id.* ¶ 11, 12.
[19] *Id.* ¶ 18.
[20] *Id.* ¶ 19.
[21] *Id.* ¶ 20.
[22] *Id.* ¶ 21, 22.
[23] *Id.* ¶ 22-24.
[24] *Id.* ¶ 25.
[25] *Id.* ¶ 26.
[26] *Id.* ¶ 27.
[27] *Id.* ¶ 28.

payment of all the outstanding debt recoverable under the agreement, but Defendants have failed to make payment.[28]

## C. Liability

Plaintiff asserts a breach of contract claim against Defendants. Under Pennsylvania law, "three elements are necessary to plead a cause of action for breach of contract: (1) the existence of a contract, including its essential terms; (2) a breach of the contract; and (3) resultant damages."[29] Plaintiff has pled facts sufficient to support its claim for breach of contract.

First, there was a contractual agreement between the parties. The MLA constitutes such an agreement. Under the terms of the contract, CW Cars was to pay the principal amount as well as interest incurred.[30] Wetherill acted as the Guarantor for CW Cars.[31] Plaintiff has alleged that CW Cars and Wetherill have failed to pay all of the money owed to Plaintiff, which establishes the breach of contract. Finally, Plaintiff has alleged sufficiently that it suffered damages from Defendants' breach. Plaintiff claims that after its attempt to mitigate losses, it has approximately $412,000 in damages.

---

[28] *Id.* ¶ 29-31.
[29] *Doe v. University of Sciences*, 961 F.3d 203, 211 (3d Cir. 2020) (quoting *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 635 Pa. 427, 445 (2016)) (cleaned up).
[30] Doc. 9 Ex. 1.
[31] Doc. 9 Ex. 3.

### D. Damages

Having found that Plaintiff has stated a legitimate cause of action, the Court considers the amount of damages Plaintiff is entitled to. Plaintiff seeks $412,253.55 in damages, including attorney fees and costs, as well as interest. As noted previously, allegations related to the amount of damages are not automatically accepted by the Court. Instead, the Plaintiff must establish its right to the amount it seeks. Rule 55 states that "the court may conduct hearings ... to determine the amount of damages," but I may also award damages without a hearing if there is sufficient evidence in the record to justify the decision.[32] The only real evidence offered thus far is the declaration from an Assistant Vice President at the Plaintiff entity, as well as letters to Defendants seeking payment. While affidavits are certainly probative and helpful to the Court, I will ask Plaintiff to supplement the record before I rule on the issue of damages.

Plaintiff may submit additional documentary evidence, which may take the form of financial account records and attorney bills (or any other evidence that Plaintiff deems appropriate), and a short statement explaining the same. Plaintiff should also provide additional context for its interest calculation, as it notes fluctuations to the rate assessed against Defendants over time.

---

[32] *See, e.g., Paniagua Grp., Inc. v. Hospitality Specialists, LLC*, 183 F.Supp.3d 591, 605-06 (D. N.J. 2016).

Plaintiff should endeavor to submit any additional evidence within 30 days. At that point, the Court will determine whether a hearing is necessary. If I find that the record is sufficient to support an award of damages, I will do so without a hearing.

## III. CONCLUSION

Plaintiff's motion for default judgment is granted in part and denied in part. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge